[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13388
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20964-JLK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILBERT ACOSTA MENDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 5, 2017)

Before HULL, WILSON and JILL PRYOR, Circuit Judges.

PER CURIAM:

Wilbert Acosta Mendez appeals his 30-month sentence, imposed below the Sentencing Guidelines range, after pleading guilty to reentering the United States after removal, in violation of 8 U.S.C. § 1326(a), (b)(2).  On appeal, Acosta Mendez argues that his sentence was substantively unreasonable.  Because we find no clear error of judgment in the district court's sentencing, we affirm.

## I.    FACTUAL BACKGROUND

Acosta Mendez, a citizen of El Salvador, first arrived in the United States in 1989.  He was removed in 1997 following a conviction for an aggravated felony. In 2015 he was found residing in Miami without the prior consent of the Attorney General or her successor, the Secretary of Homeland Security.  Acosta Mendez pled guilty to one count of unauthorized reentry after removal and in May 2016 was sentenced to 30 months' imprisonment.

Pursuant to the 2015 Sentencing Guidelines, a probation officer prepared a presentence investigation report ("PSI").  The PSI considered Acosta Mendez's acceptance of responsibility, cooperation, and criminal history in calculating a recommended sentencing range.  First, the PSI determined Acosta Mendez's offense level under U.S.S.G. § 2L1.2.  His base offense level for reentry was eight. This was enhanced by 16 levels due to his 1997 removal after conviction of a "crime of violence" pursuant to U.S.S.G. § 2L1.2(b)(1)(A) (2015) (amended Nov. 1, 2016).  The offense level was then lowered by three because Acosta Mendez had

2

cooperated with authorities and accepted responsibility for his unauthorized reentry, bringing his adjusted total offense level to 21.  Second, based on two convictions from 1992 and 1994, the probation officer assigned Acosta Mendez a criminal history category of III.  The first conviction was for possession of burglary tools, burglary in the first degree, and receiving stolen property.  The second, his "crime of violence," was for assault with a semiautomatic firearm, inflicting great bodily injury.  Based on an offense level of 21 and a criminal history category of III, the PSI calculated a Sentencing Guidelines range of 46-57 months' imprisonment.

The PSI also included information that did not directly affect the guidelines range.  It reported that Acosta Mendez had returned to the United States in 2002 to provide for his family and, to that end, had been working as foreman of a landscaping company and sending $800 a month to El Salvador for his two children.  The PSI further noted that Acosta Mendez had not paid income taxes and that he had been criminally charged on three occasions since his return to the United States.  Although the first charge was dismissed and the second dropped, the third, a charge of aggravated battery, was scheduled for trial in state court at the time of his federal sentencing.

Acosta Mendez acknowledged the accuracy of the PSI, but filed an objection requesting a downward variance from the guidelines range of 46-57 months to a

3

sentence of one year and one day.  He requested this variance based on forthcoming amendments to the Sentencing Guidelines and his personal circumstances.  Specifically, Acosta Mendez asked the district court to apply the forthcoming amended U.S.S.G. § 2L1.2, which was to—and did—take effect on November 1, 2016, after his sentencing hearing took place.  The amended provisions lowered the enhancement for Acosta Mendez's prior "crime of violence" from 16 to 10,[1] which would have lowered his guidelines range to 24-30 months.  As to his personal circumstances, Acosta Mendez asked the court to consider the support he sent to his children in El Salvador, that his prior convictions were over 20 years old, and that he would be removed upon conclusion of his sentence.

At the sentencing hearing, the government opposed the variance, emphasizing Acosta Mendez's "past . . . convictions reflecting a proclivity towards violence" and his currently pending aggravated battery offense.  Doc. 30 at 30.[2] The government acknowledged his motivation to support his family, but noted that

---

[1] The amendment, Amendment 802, lessened the emphasis on pre-removal convictions and replaced the categorical approach to enhancement based on type of offense (e.g., "crime of violence") with a "sentence-imposed model" based on the sentence length for the predicate felony.  *See* Notice of Submission to Congress of Amendments to the Sentencing Guidelines effective November 1, 2016, 81 Fed. Reg. 27261, 27272-73 (May 5, 2016) (amending, *inter alia*, U.S.S.G. § 2L1.2).

[2] "Doc." refers to the numbered entry on the district court's docket in this case.

he was flouting the laws of the United States by reentering and working without authorization and also failing to pay taxes.

At sentencing, the district court gave Acosta Mendez the benefit of the pending amendments to the Sentencing Guidelines. Pursuant to the 18 U.S.C. § 3553(a) factors,[3] the court also considered his personal circumstances. It considered the 1994 conviction for assault, noting the length of the sentence imposed, that it was decades ago, and that it had inflicted great bodily injury on the victim. The court found that Acosta Mendez had been back in the United States for about 14 years and had been arrested a couple of times during that period. The court also balanced Acosta Mendez's failure to file tax returns against the $800 in monthly support he provided to his family in El Salvador. Based on the PSI and the § 3553(a) factors, the district court varied downward from Acosta Mendez's guidelines range and sentenced him to 30 months' imprisonment with a three year term of supervised release. Acosta Mendez appeals the substantive reasonableness of his sentence.

## II.    DISCUSSION

---

[3] Under 18 U.S.C. § 3553(a), district courts must consider certain factors when sentencing a defendant. These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to accomplish certain aims, such as reflect the seriousness of the offense, afford adequate deterrence, and protect the public; (3) the kinds of sentences available; (4) the applicable guidelines range; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwarranted sentence disparities among defendants; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Acosta Mendez appeals his sentence as substantively unreasonable, arguing that proper consideration of the forthcoming amended guidelines and his personal circumstances under § 3553(a) justified a more substantial variance than the one he received.  We disagree for the following reasons.

We consider the substantive reasonableness of a sentence under an abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).[4]  A district court abuses its discretion and imposes a substantively unreasonable sentence if it, as relevant here, "commits a clear error of judgment in considering the proper [§ 3553(a)] factors."  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (internal quotation marks omitted).  "[I]t is only the rare sentence that will be substantively unreasonable."  *Id.* (internal quotation marks omitted).

Acosta Mendez concedes that he received a 16-month downward variance from the guidelines range calculated under the Sentencing Guidelines in effect at the time of his sentencing hearing.  *See* 18 U.S.C. 3553(a)(4)(A)(ii).  He further acknowledges that his 30 month sentence is within the forthcoming amended guidelines range he asked be applied.  And he agrees that, on appeal, we may

---

[4] Acosta Mendez does not argue that his sentence was procedurally unreasonable. *See Gall*, 552 U.S. at 51.

6

expect that a sentence imposed within a properly calculated guidelines range is reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007).[5]

Acosta Mendez nonetheless contends that the district court, by declining to extend the downward variance below the pending amended guidelines range, failed to properly consider (1) the age of his assault conviction, (2) that he returned to the United States to support his family, and (3) that he would be removed from the United States upon the conclusion of his sentence. Because the district court did consider these factors, Acosta Mendez is essentially asking this Court to reweigh them. But, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (internal quotation marks omitted).

We find no clear error of judgment in the district court's balancing of Acosta Mendez's personal circumstances. The district court considered the age of his prior conviction and balanced it against the level of violence involved in that offense. The court expressly referenced the $800 monthly remittance to El Salvador and balanced it against Acosta Mendez's failure to file tax returns in this country. The court also understood that Acosta Mendez's requested downward

---

[5] Neither party argues that the district court lacked the authority to "apply" the amended provisions before they took effect. Thus, we do not address the question of whether such application is procedurally reasonable, nor whether a sentence imposed within a pending amended guidelines range may be presumptively reasonable under *Rita*.

variance relied in part on the likelihood of his removal after serving this sentence. We will not substitute our judgment on appeal for the sound judgment of the district court.  *See id.*

## III.    CONCLUSION

We conclude that Acosta Mendez has failed to demonstrate that his sentence is substantively unreasonable. We therefore affirm the sentence the district court imposed.

**AFFIRMED.**